**In re: ADBOX, INC., Debtor,**

**Donald I. Metcalf, an individual; Janet M. Metcalf, an individual, Appellants,**

**v.**

**Jeffrey I. Golden, Chapter 7 Trustee, in his capacity as Chapter 7 Trustee for the Estate of Adbox, Inc.; Accenta Display Corporation; ULF Enertoft, an individual, Appellees.**

**No. 05–55159.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 14, 2007.

James A. Shalvoy, Esq., Manhattan Beach, CA, for Appellants.

Thomas H. Casey, Esq., Law Offices of Thomas H. Casey, Santa Margarita, CA, Jon L. Dalberg, Esq., Andrews & Kurth, LLP, Los Angeles, CA, for Appellees.

Before: RYMER, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM *

Donald and Janet Metcalf appeal the district court's affirmance of the bankruptcy court's (1) denial of their motion to recuse the bankruptcy judge and (2) grant of summary judgment in favor of appellees on the cross claims of tortious interference with prospective economic advantage,

* This disposition is not appropriate for publication and is not precedent except as provided

fraudulent transfer, and conspiracy. We affirm.

I.

■ We review the denial of a motion to recuse for abuse of discretion. *In re Focus Media, Inc.,* 378 F.3d 916, 922 (9th Cir.2004). Although the Metcalfs have identified several ex parte contacts between the bankruptcy judge, his law clerk and counsel for appellees, those communications related to purely procedural matters. The Metcalfs have adduced no evidence that those communications affected the bankruptcy judge's rulings. There was therefore no factual basis on which the bankruptcy judge's "impartiality might reasonably be questioned," *id.* at 929 (quoting 28 U.S.C. § 455(a)), and the district court properly affirmed the bankruptcy court's denial of the motion.

II.

■ The Metcalfs' cross claims are all based upon the allegation that the appellees entered into an agreement to transfer Adbox's assets to Accenta with the "actual intent to avoid paying the attorneys' fee award and to hinder, delay, or defraud Metcalf as a secured creditor of Adbox, with a secured interest in all of the stock of Adbox, and without receiving a reasonably equivalent value in exchange for the transfer." Because fraudulent transfer of assets out of the bankruptcy estate harms all creditors to the estate, and not just the Metcalfs individually, only the bankruptcy trustee has standing to bring claims based on the allegedly fraudulent transfer. *Estate of Spirtos v. One San Bernardino County Superior Court Case,* 443 F.3d 1172, 1176 (9th Cir.2006); *accord Nat'l*

by 9th Cir. R. 36–3.

*Am. Ins. Co. v. Ruppert Landscaping Co., Inc.,* 187 F.3d 439, 441–42 (4th Cir.1999). Even if, as the Metcalfs assert, they are the only creditors with a security interest in Adbox's stock, that fact makes no difference because the bankruptcy code creates no exception for such a circumstance. *See* 11 U.S.C. § 323. Thus, the district court properly granted summary judgment in favor of appellees.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.